Good morning, Your Honors, and may it please the Court. Alexis Klein for the United States. I would ask to please reserve four minutes for rebuttal, and I will plan to monitor my time. This Court recently reiterated what it called a long-recognized basic rule in Colosso. That is that a defendant charged with a drug crime need not know the exact nature of the substance with which he was dealing. Can you turn to me and explain to me this, because what we're trying to do is get to what an explicit admission is, correct? Yes. Okay, and when I read the plea colloquy, I read the Court saying, and this is a quote, the Court asked, all right, so do you understand that those are the elements that the government would have to prove if you went to trial? And this is what Mr. Gaston says, and I say Gaston, I'm not sure if it's Gaston or Gaston. Mr. Gaston says, yes, not that I knew it was actual, but I knew it was drugs. So what facts, what other facts are there that tells me that that is not, or that that is an explicit admission to the quantity? Your Honor, first I would submit that that is an accurate statement of what the law is, that all the government needed to prove beyond a reasonable doubt, and we can use the language of Thomas about an explicit admission or the other language of this Court in opinions like Colosso and what needed to be established. But when you look at what the District Court's opinion was, it necessarily needed to incorporate the facts from the factual basis, and that's where I would start with the Court, coupled with the totality of the record about what actually happened here. We know Mr. Gaston negotiated and arranged this drug deal. No, no, no. Take me back to, take me back to my, I'll take you back to the question I'm asking. The question I'm asking is, what in the plea colloquy suggests that there was an explicit admission to the quantity? I guess that's what I'm, I just want to make sure I understand what the best argument of the government is. Thank you, Your Honor. I would cite ER 89 through 91 when there is a summary of the factual basis, and also the, Mr. Gaston's repeated acknowledgments at the beginning of the plea colloquy about the mandatory minimum he faced, what drug crime we were talking about, and the fact that he had the opportunity to review the factual basis. So what do we do with when, and I'm really just trying to understand, what do we do when we have in a plea colloquy something like the quote I just issued, and then what you point to, which is when the government is sort of giving that sort of recitation of what the evidence is in the case, what do we do in that circumstance when there's, some would argue, conflicting statements about what he is admitting to? Whose burden is it to establish an explicit admission? Thomas says it's the government's burden. Okay, so when we have this, this ambiguity, what should we do in that circumstance? Well, I'd submit to the court there's not the ambiguity that is suggested by the district court or... This isn't an amount ambiguity, this is a quality, right? This is not a quantity case, this is a quality. Correct. So to get the 10 years mandatory minimum under 841B, the government's got to establish it's actual pure meth. Correct. And your position is the factual basis, final paragraph says the lab said it was pure, the indictment says it's actual. So you've got an indictment, you've got a factual basis. Then the district court clarifies, is that what you did? He says yes. Well, he's saying what I did doesn't establish what the lab says, but the next sentence is, the district court says, is, let me read it to you, did you hear all that? Do you otherwise agree with that statement of facts? Yes, your honor. That's what it comes down to, right? You say that's an explicit admission. Yes. The difficulty with that, I think, is earlier, when the little colloquy occurs about his state of mind, which is irrelevant to the enhancement, the government interrupts and the government says, this isn't really an issue for the plea, this is an issue for sentencing. But that's perhaps, I want to hear your thoughts, isn't that a mistake? Because it is an issue to be established by the defendant at the colloquy. Yet the government interjected and arguably lulled him. And then you've got a district court that holds two different hearings. She firsthand says, this wasn't clear enough. Isn't that what this case taught? So all of that to say, I agree when a defendant pleads guilty to a wide open 841, there's no plea agreement. The government normally has to be able to rely on a sworn admission to a factual basis, has to. There's no other way you could get an explicit admission. They can't force the defendant to speak more. However, here, what I think the district court was discomforted by was the government had actually sort of modified that. That's my concern. Thank you, Your Honor. I think that the government's counsel certainly could have stated the elements in a more eloquent way and a better way, but I submit to this court, they weren't insufficient. But then, but just to interrupt, I mean, the government then opposes the motion to withdraw the guilty plea, which you would see in Thomas. The court doesn't let him withdraw. You know that. And then in Thomas, the Ninth Circuit says, at least resolve it at Rule 32. But the government, even though it's objecting to the PSR, doesn't ask for a Rule 32 evidentiary determination. So three different times, there's sort of a government vacillation. And if the Ninth Circuit's saying, if you're going to use the defendant's own words to put him in jail for a mandatory minimum, here, reincarcerate him. It's just got to be done better. I think that's sort of the number of the case here. And I agree. Like I started to say, the government's counsel certainly could have paraphrased the elements of the crime and mentioned Apprendi, for example, like the counsel does in Thomas, and explain that more explicitly. But what the defendant's response was, there's a number of ways to interpret that. One is that he was reiterating. Okay, I'm just going to interrupt. Don't you lose? I'm not saying lose. You're seeking justice to be done. But once you say there are a number of ways to interpret it, isn't that the end of the game? The district judge said, yeah, I agree. And we need explicitness. There has to be only one way if it's the defendant's own words that put him in jail for 10 years. Once you say there are a number of ways, isn't that really over here? Just factually. I'm not establishing a rule of law that's problematic for the government. I believe it was clear what the defendant... So not a number of ways. Not a number of ways. There's only one way we can read this record. There's one way the court can read the record when it looks at the totality of the change of unlike the defendant in Thomas who asked for a hearing clarification up front when the factual basis is asked to be shared with the defendant in court. Shouldn't we see Thomas as really sort of the gold standard here of the way in which I wish everyone would do it, object, object, and go through all of that. But is that what we have to hold every single... Because then we're sort of developing this other very rigid standard of what we're going to expect of the defendants to do that when the burden is on the government. Focusing on this record, I think it's clear about what the defendant actually knew and actually did. So we know he negotiated and distributed the specific quantity of drugs. How do we know that? The PSR, the probation department wasn't convinced, right? In their PSR recommendation, they say it's five years. After the court asked them to correct their recommendation, but in the fact... But if that's a disputed issue, the government would have to with sentencing saying we need a fact finding on that. I guess I'm focusing on what is explicitly stated in the factual basis about his negotiation of the amount of methamphetamine in exchange for... Okay, but I'm just testing you because at the same time the government's telling the defendant that's for sentencing. We can determine it then, but then nobody does. It is correct that it is a sentencing enhancement. Again, that's what we would submit to the court and he was properly advised of the elements in this case. But again, I agree with the court that it could have been stated more eloquently. You could have also... Is it correct the government could put it in the indictment? They could have put in the penalty provision, but this indictment doesn't have that. Is that right? I understand the indictment has an attached penalty slip that did have... But that's not... The grand jury didn't return that. That's the government attaching the slip. The grand jury indictment cites only 841A. It does not cite the subsection of B that would tell you 5 or 10. I think I'm right about that. I can... No, that's right. Opposing counsel will say... Thank you, Your Honor. I'm sorry. But it did include the language that the court for the applicable 10-year mandatory minimum without the 851 allegation. It's our position, just turning back to focusing on the district court's written rulings and clarification of them and the error in this case. It's our position that the district court imposed a heightened knowledge requirement that was unsupported by this court's precedent. And what you're really talking about is when you started and you stood up at first is Colaso. You're relying on Colaso for that proposition, correct? Yes. But Colaso is different. It's not applicable in this circumstance. That case talks about what's necessary if you go to trial. This is a plea context, correct? That case did involve a conviction after trial. However, it is important and fleshed out some of the guiding principles here that guide the context of a trial. I'm struggling to understand how you are applying Colaso or telling us that we need to apply the rule in Colaso to this circumstance, which is an entirely different circumstance. And as described by our courts, the difference between what the government needs to show or doesn't need to show in trial is different. Well, it clarified an error in a jury instruction about a clear instruction about what the knowledge requirement is under the law. And those jury instructions delineate the elements, which are also applicable here in a change of plea context. And they fleshed out the law as to, or I'm sorry, not fleshed out, but reiterated what the law is. There is no requirement that there's proof beyond a reasonable doubt. Your argument is that not only is it not required if we apply Colaso, but even without Colaso, the explicit admission standard is met based on your interpretation of the statements made.  Because what Mr. — taking his statement at best, that he denied knowing the purity, what he said was, I knew it — I didn't know it was actual, but I knew it was drugs. He didn't say, I know — I knew it was 50 grams or more of methamphetamine. The district court's opinion necessarily needed the factual basis to reach the conclusion it did. And it looked at the entire record. And the court went back and looked at the cold record. It didn't make findings based on — and this is at ER 3 through 5, for example, in the transcript about Mr. Gaston's demeanor during the change of plea colloquy, or some of those things which go to the standard of review argument. Counsel, I know you wanted to save some time. Do you want to save the rest of your time? Yes. Thank you. Good morning. May it please the Court, Aaron Radican, appearing for Applee, Mr. Gaston. He is also present in court, Your Honor. Your Honor, I think it's clear — the law is clear that the mens rea of knowledge applies to an 841A offense — A1, that crime. And this entire plea colloquy is clear that Mr. Gaston was pleading to 841A1. He was told, all you have to do are the elements of 841A1. His statement — his statements are ambiguous, as the Court has noted. Well, what about the government's position? I mean, I don't think it lacks merit. They're saying, look, you go to the end, and there are the judges asking, you know, the government to state the facts, and here are the facts that could be established. They went through the facts, and they talked about the amount, and he acknowledged, according to the transcript of that. Why is the government wrong about that, that that should be as explicit as you need? As you have indicated in your comments, a plea colloquy is to be evaluated under the totality of the circumstances. It's a contractual situation. There's no plea agreement here, but it's to be evaluated in terms of fairness and whether there's an explicit admission. And it's clear here, everything the government and the Court is saying to him is telling him you're admitting 841A1. All you have to admit for that is that you knew that it was drugs. Nothing he said was an explicit admission that the purity level under 841B1 was as the government stated. And I think we have to read the plea colloquy in terms of fairness. Well, let's start with the documents the government controls. The indictment did list amount, quantity, and quality, correct? Is that correct? I can't remember whether the indictment — I think it's just in the penalty provision, but I don't think it matters. Let's just assume that the grand jury returns, says you're charged with this crime, sufficient quantity and quality to trigger a 10-year mandatory minimum. Defendant, just hear my hypothetical. Defendant says, I want to plead to that charge. He can't rewrite the indictment. But then the Court, under Rule 11 in Boykin, has to say, do you agree with factual basis? And you heard me read out loud, the district court says carefully, when he says, I agree with what I did, the district court then follows up and says, but do you agree with the statement of facts? And he says, yes. How is that not an explicit admission to what he had been notified by the grand jury was the charge he's pleading to? But he was notified by the government and his counsel at the outset that all you have to make clear, that was what he was admitting, the elements of 841 and not the penalty provisions of B1. Okay. But then you don't deny that he heard the final paragraph of a factual basis. Let me pause. Actually, this is a really important record question. I'm not great finding the record here. It seemed to me from reading the colloquy, both sides had a written factual basis. Does that exist? Was there a written factual basis signed by the defendant and the government in this case, yes or no? No, there wasn't. Okay. So it's an oral statement, which does describe quantity and quality to trigger a 10 years. And he says, yes. What's your response to why that isn't an explicit admission? Because it's six paragraphs after his counsel and the government told him he does not have to admit purity. I'm going to parse that down because the rule of law can't be that some paragraphs count, but others don't count. So I think it has to be back to that, your point that you're making, I'm not disagreeing, that earlier there had been an odd little exchange. But do you agree that that exchange on its face doesn't matter? Because that related to what he knew, which is irrelevant to the enhancements. It's, I disagree with that. His statement, he never said anything indicating that he was clearly accepting the purity level. And I don't think it's a de novo standard of review. Thomas was completely a legal issue because the district court inferred from the guilty plea that all the facts in the indictment are proven. It's a legal issue. Here, this is a plea. When you evaluate whether or not a plea colloquy, whether admissions, because it is clear, even though 841 doesn't have an element of knowledge of purity and B1 does, the law is clear that the government still has to prove that. And if you haven't- So what should the government have done? I mean, here we have the Solicitor General approving an appeal because I think what they think is the rule of law you're asking for is not workable. The only document the government can control when a defendant pleads straight up is the factual basis. And here the defendant said, yes. So what's your rule of law? That isn't an explicit admission. Why? It's not an explicit admission because, as you said, he was lulled into believing that all he had to admit were the elements of 841A1. Okay. And the district court had two hearings and each time reiterated that? Yes. Am I right that the district court, when it jumps to sentencing, doesn't ever resolve your client's motion to withdraw the guilty plea if he were facing 10 years mandatory minimum? Is that motion to withdraw still pending then? I don't recall, Your Honor. Do you remember that he filed a motion to withdraw? I didn't represent the district court, but I do remember that he filed the motion, but then he appeared at sentencing with his counsel. He was allowed to make some remarks. I guess I'm wondering, in other words, what I'm saying is no one wants a gotcha rule or windfall either way. So if his position is, okay, if the government thinks it can prove that it was pure meth, let's go back and prove it. I want to withdraw my guilty plea. We can go to Smith. We'll come in and confirm it's pure. Then I face the mandatory minimum. Is the relief you want? Are you open to the relief you requested, which is just withdraw the plea and get this decided correctly? Is that the relief you want or not? I don't think the court has to do that. I mean, I think... What do you want? What are you telling us we should do? Affirm Judge Mueller made the correct decision. When you have a judge, a district court judge, who has to decide whether or not a defendant made admissions, an admission that's sufficient to satisfy a beyond reasonable doubt standard and that the admission is going to control a mandatory minimum of 10 years... But Thomas also says at least resolve it at sentencing, and yet she never did.  But the government has a running objection to the five-year instead of 10-year. So the government is saying we object. Thomas says either let a defendant get it proven correctly or prove it up at sentencing. Neither of them happened. Right. Why would he then just get the windfall of what may be counterfactual? That in fact, with a simple little evidentiary hearing, we're going to know if it's pure or it's not pure. Well, I believe if the court is going to find instead that the mandatory minimum applies, he would want to withdraw his plea and go back and have it proven. Yes, that's what I thought. Absolutely. But this is litigated in the district court, and this was not the wrong decision. The district court was sitting there interpreting his comments during a plea colloquy. Right. But I guess the point I'm making is it really doesn't matter what he thinks. We have a lab test. It's either pure or not, and yet that's never been verified. You're saying it's not true. The government's saying it is true. Why would either side just get our decision now about something that's a factual point? Judge Mueller resolved it in the district court, and this is an abuse of discretion standard. She did not make an error in deciding that the plea colloquy as a whole fell short of an explicit admission. The government didn't ask for an evidentiary hearing. He was released. I think that it would be just the height of unfairness at this point to impose a mandatory minimum. No, I understand all that. That's a fine argument. It was the government's burden. It was the government's burden. And instead, the government opposed the motion to withdraw, and the government didn't ask for Rule 32 here. Okay, I understand. I didn't even... I'm prepared to submit at this point. Any other questions? No, thank you. All right, thank you. I believe Mr. Gasson wants to address the court. I told him that it's up to you. Any comment? Not at this time. I think I have enough information. Thank you very much, Mr. Gasson. Did you call the grantor to the right to appoint to a direct appeal? And are they granting me permission to address the court? I'm respecting what you say. I just wanted to elaborate on... Actually, and that's the thing. I don't think you can elaborate anymore. I think we have what we need to make a decision, so I appreciate your comments. And so now I'm going to turn to the government, whose turn it is to talk. So thank you very much. Thank you. Touching briefly on a few things, starting with some of the court's questions about the withdrawal of a guilty plea and whether that's still pending. On the record before the court, there was essentially a negotiation between the district court and the defendant. No, that's how you characterized it, but you opposed the motion to withdraw. Yes, we did. So you can't now get that. I'm sorry, Your Honor. What I'm framing for the court is, I guess, why the district court didn't rule on that. The district court also didn't make a ruling on sentencing entrapment because the defendant said, I want this outcome, and if you give it to me, then I don't want these other things I'm asking for. That was repeated in the briefing and before the court at the time. So I'm just submitting to the court that I believe that's why that was not addressed. There was this negotiation. For you to prevail, the government's where it would have to go get the client and reincarcerate him? That's correct? Yes. I'm sorry. For the government to prevail... If the government prevails, the government's position is they would now reincarcerate someone that's been released. Yes. Because the critical question in this case is a legal error, and that is the consequence or the outcome. But the defendant was originally... His sentencing guidelines, if they were calculated according to the government's calculation, were 267 to 362 months. So that was what the original sentence could have been if the court would have imposed a within-guideline sentence under the government's position. The problem with the position that is advocated for by Mr. Gaston in this case is it's asking the court to find any time a defendant says, I didn't know it was pure methamphetamine at the time I distributed it. So that's not what the rule is. The rule is that the judges are supposed to look at the totality of the circumstances. Isn't that what the district court judge did here? I'd submit it didn't. I believe that Judge Mueller, again, looking back... Or I'm sorry, the district court, looking back at its review of the record, focused in on that one statement as opposed to looking back... So then your argument can't be any time someone just says, oh, there's some ambiguity. It's the fact that there was this discussion by the U.S. attorney, by the way, who confused the issue, apparently. Isn't that part of the problem here? I'd submit to the court that the district court did not properly view the totality of the circumstances and the entire record. It instead focused on that one statement by Mr. Gaston in response to the elements. And had, again, this case gone to trial, there is no requirement as to his knowledge of purity at the time he distributed it. And unlike Thomas, there seemed to be an issue before the court as well, factually, about there potentially being a chain of custody issue and not just his lack of knowledge at the time of the drug crime, but also at the time of his change of plea. That did not exist here. There was no... Counsel, I think your time is up. Let me see if there are any additional questions. All right, thank you. This matter will stand submitted. I do appreciate the arguments of both counsel. And I think, again, this matter is submitted. Thank you. Thank you, Your Honor. And that will conclude our matters for today. Thank you very much.
judges: Higginson, MENDOZA, DESAI